**Mildred Gladys BICE, Appellee,**

v.

**Charles Leslie BICE, Appellant.**

No. 2–57824.

Supreme Court of Iowa.

March 16, 1977.

William L. Springer, Marshalltown, for appellant.

Edmund Scarpino, Des Moines, for appellee.

Submitted to MOORE, C. J. and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

A dissolution decree entered on May 13, 1965, provided that defendant, Charles Leslie Bice, should pay $30 every two weeks for the support of his three minor children. Upon plaintiff's application for modification, the amount was increased to $25 each week. Defendant appeals, and we affirm.

Defendant raises two issues which are closely related. He says, first, there has been no change of circumstances to support the modification; and, second, he asserts no provision for support may be allowed beyond the 18th birthday of the children because § 598.1, The Code, now provides support shall then cease except under special circumstances which he says do not exist here.

■ Although the evidence is not strong, we agree with the trial court it is sufficient to require greater support payments. The evidence showed a substantial increase in defendant's earnings since the original decree, even though they are still quite modest. We also take into account the additional financial burden which continuing inflation has added to rearing children. *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974). While inflation strikes at defendant as well, its impact on him is not as great.

■ Defendant claims no support may be allowed past the childrens' 18th birthday. This 1965 decree ordered support payments until the children "are of age." At that time the age of majority was 21. Later this age was lowered to 18, but defendant's obligation is measured by the law as it was when the decree was entered. *See Harless v. Harless*, Iowa, 251 N.W.2d 212, filed March 16, 1977. Defendant therefore must continue to support his children until they become 21.

The judgment is affirmed.

AFFIRMED.